THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br>1411 K St. NW, Suite 1300<br>Washington, D.C. 20005<br><br>*Plaintiff*,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND<br>BUDGET,<br>725 17th St. NW<br>Washington, D.C. 20503,<br><br>and<br><br>OFFICE OF INFORMATION AND<br>REGULATORY AFFAIRS,<br>725 17th St NW<br>Washington, DC 20503<br><br>*Defendants*. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF**<br><br>**(Freedom of Information Act, 5 U.S.C.<br>§ 552)** |

## INTRODUCTION

1. In this action brought under the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), the Center for Biological Diversity ("Center") – an environmental conservation organization that works to prevent the extinction of wild species and protect their habitats – challenges the Office of Management and Budget (OMB) and the Office of Information and Regulatory Affairs (OIRA) for their violations of the FOIA. These violations result from a failure to conduct adequate searches and to provide records in response to the Center's FOIA request seeking specific endangered species-related records from OMB and OIRA.

2. As of the filing of this complaint, OMB and OIRA have not produced any records responsive to the Center's FOIA request.

3. Prompt access to these records is necessary to effectuate FOIA's purpose of transparency. Thus, the Center seeks from the Court declaratory relief establishing that OMB and OIRA have violated FOIA, and also injunctive relief directing the agency to conduct an adequate search and to release any improperly withheld records, including all reasonably segregable portions of any lawfully exempt records, without any further delay.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## PARTIES

7. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization with offices throughout the United States. The Center has approximately 80,000 members, and over 1.5 million supporters. The Center and its members are harmed by OMB's and OIRA's violations of FOIA, as such violations preclude the Center from gaining a full understanding of OMB's and OIRA's implementation of a mandatory conservation duty under the Endangered Species Act. The Center intends to use the requested information to better understand OMB's and OIRA's approach to endangered species conservation. OMB's and OIRA's failure to comply with FOIA harms the Center's ability to

provide full, accurate, and current information to the public on a matter of public interest. Absent this information, the Center cannot advance its mission, with its members, to protect native species and their habitat.

8.      Defendant OFFICE OF MANAGEMENT AND BUDGET (OMB) is a federal agency subject to the FOIA.  OMB possesses a central role in providing leadership in the development, oversight and coordination of the federal government's budget, policies in procurement, financial management and related information, statistical support, and regulatory oversight.  OMB is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

9.      Defendant OFFICE OF INFORMATION AND REGULATORY AFFAIRS (OIRA) is a part of OMB.  OIRA is comprised of six subject matter branches and is led by the OIRA Administrator, who is appointed by the President and confirmed by the U.S. Senate. OIRA is in possession and control of the records that the Center seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATUTORY BACKGROUND

10.     FOIA's basic purpose is government transparency.  FOIA requires federal agencies to release requested records to the public unless one or more specific statutory exemptions applies.  5 U.S.C. § 552(b)(1)-(9).

11.     Within 20 working days of receiving a FOIA request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination.  *Id.* § 552(a)(6)(A)(i).

12. Only in "unusual circumstances" may an agency extend the time to make a final determination by no more than 10 additional working days, but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i).  If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

13. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

14. FOIA requires federal agencies to promptly disclose requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

15. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b).  These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

16. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

17. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

**FACTUAL BACKGROUND**

**Background to the FOIA Request**

**The Center's FOIA Request to OMB and OIRA (2021-406)**

18.     On August 3, 2021, the Center issued a FOIA request to OMB and OIRA, seeking "From January 1, 2018 to the date of this search, all records mentioning or including OIRA's implementation of Section 7(a)1) of the Endangered Species Act."

19.     On the same day that Plaintiff submitted its FOIA request, August 3 of 2021, OMB and OIRA, through FOIA Officer Dionne Hardy, confirmed that they had received the FOIA request by email. Plaintiff's FOIA request received a reference number: 2021-406.

20.     On September 15, 2022 by email, Plaintiff informed Defendants that it wished to keep the ESA Section 7 FOIA open (2021-406), and requested information as to when Plaintiff might receive responsive records from Defendants.

21.     On December 16, 2022, having not heard from Defendants in months, Plaintiff sent a letter to Defendants concerning the FOIA request at issue (2021-406): a) notifying OMB and OIRA that they had not complied with FOIA by failing to make a final determination on the Center's FOIA request within FOIA's statutory deadline; b) requesting an estimated date by which the agency would complete this request, and; c) offering to assist in any way.

22.     On December 22, 2022, Defendant OMB responded to Plaintiff: "Thank you for inquiring about the status of your FOIA request, which was received on August 3, 2021, and assigned tracking number 2021-406. Your FOIA request has been assigned to a processor and the search for responsive records has been initiated. In terms of timing, we will be able to provide you an approximate timeline for processing the records once we know the volume of the search results."

23. Plaintiff has received no communication from Defendants since December 22, 2022 regarding FOIA Number 2021-406.

24. As of the date of this complaint, which is **xx** workdays after the 20-day workday determination deadline of September 1, 2021, the Center has received no records and no additional communications from OMB or OIRA regarding the Center's FOIA request.

25. In connection with the Center's FOIA request, OMB and OIRA have not requested additional information from the Center or notified the Center of any "unusual circumstances" that prevent it from complying with FOIA's deadline for a determination. 5 U.S.C. § 552(a)(6)(A)-(B).

26. Section 7(a)(1) of the Endangered Species Act (ESA) itself provides that all federal agencies "shall in consultation with and with the assistance of the Secretary, utilize their authorities in furtherance of the purposes of this chapter by carrying out programs for the conservation of [listed] species." 16 U.S.C. § 1536(a)(1). Thus, the Act imposes on all federal agencies, including upon OMB and OIRA, an *affirmative obligation* to conserve threatened and endangered species that their activities harm. *Pyramid Lake Paiute Tribe v. U.S. Dept of Navy*, 898 F.2d 1410, 1416-17 (9th Cir.1990); *Carson-Truckee Water Conservancy Dist. v. Clark*, 741 F.2d 257, 261-62 & n. 3 (9th Cir.1984).

27. As the Supreme Court has unequivocally stated, the ESA's "language, history, and structure" make clear and "beyond doubt" that "Congress intended endangered species to be afforded the highest of priorities" and endangered species should be given "priority over the 'primary missions' of federal agencies." Simply put, "[t]he plain intent of Congress in enacting this statute was to halt and reverse the trend toward species extinction, *whatever the cost*." *Tennessee Valley Auth.*, 437 U.S. at 174-75.

28. To fulfill the substantive purposes of the Endangered Species Act, each federal agency is required under Section 7 of the Act to engage in consultation with the U.S. Fish and Wildlife Service ("FWS") and/or the National Marine Fisheries Service ("NMFS") (collectively the "Services") to "insure that any action authorized, funded, or carried out by such agency…is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species…determined…to be critical." The obligation to "insure" against a likelihood of jeopardy or adverse modification requires the agency to give the benefit of the doubt to endangered species and to place the burden of risk and uncertainty on the agency taking the proposed action. 16 U.S.C. § 1536.

29. Plaintiff has met with staff members of OMB and OIRA several times on endangered species conservation issues over the past half-decade concerning a number of different federally listed species.

30. OMB and OIRA's failure to conduct an adequate search for responsive records and failure to provide any and all responsive records to the Center undermines FOIA's primary purpose of transparency and openness in government, and harms the Plaintiff's undisputed legal interest in protecting federally endangered species.

31. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

#### Failure to Conduct Adequate Searches

32. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

33. The Center has a statutory right to have OMB and OIRA process its FOIA request in a manner that complies with FOIA.  5 U.S.C. § 552(a)(3).

34. OMB and OIRA violated the Center's rights in this regard when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the Center's FOIA request.

35. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record request to OMB and OIRA in the foreseeable future.

36. The Center's organizational activities will be adversely affected if OMB and OIRA continue to violate FOIA's requirement to undertake a search that is reasonably calculated to locate records that are responsive to the Center's FOIA request.

37. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, OMB and OIRA will continue to violate the Center's rights to receive public records under FOIA.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Promptly Disclose Responsive Records

38. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

39. OMB and OIRA violated FOIA by failing to promptly disclose records that are responsive to the Center's FOIA request.

40. None of FOIA's statutory exemptions apply to the records that the Center seeks.

41. The Center has a statutory right to the records it seeks.

8

42. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record request to OMB and OIRA in the foreseeable future.

43. The Center's organizational activities will be adversely affected if OMB and OIRA continue to violate FOIA's disclosure provisions as it has in this case.

44. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, OMB and OIRA will continue to violate Plaintiff's rights to receive public records under FOIA.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

45. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

46. The Center has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

47. OMB and OIRA violated the Center's rights in this regard by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the Center's FOIA request.

48. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record request to OMB and OIRA in the foreseeable future.

49. The Center's organizational activities will be adversely affected if the OMB and OIRA are allowed to continue violating FOIA's disclosure provisions as it has in this case.

50. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, OMB AND OIRA will continue to violate the Center's rights to receive public records under FOIA.

### FOURTH CLAIM FOR RELIEF: VIOLATION OF THE FREEDOM OF INFORMATION ACT

#### Failure to Provide a Determination on the FOIA Request

51. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

52. OMB and OIRA violated FOIA by failing to make a timely determination on the Center's FOIA request.  5 U.S.C. § 552(a)(6)(A)(i).

53. The Center has a statutory right to receive a determination from OMB and OIRA, as well as to promptly receive the underlying records it seeks.

54. OMB and OIRA has still not given the Center a determination on its FOIA request that describes the scope of the records it intends to produce or withhold and the reasons for withholding any records or informs the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or 5 U.S.C. § 552(a)(6)(B). *See also* 5 U.S.C. § 552(a)(7).

55. Based on the nature of the Center's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record request to OMB and OIRA in the foreseeable future.

56.     The Center's organizational activities will be adversely affected if OMB and OIRA continue to violate FOIA's requirement to provide a lawful determination on the Center's FOIA request.

57.     Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, OMB and OIRA will continue to violate the Center's rights to receive public records under FOIA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1.      Order Defendants to respond to Plaintiff's FOIA request as required by the FOIA;

2.      Order Defendants to conduct a search that is reasonably calculated to locate all records responsive to each of Plaintiff's FOIA request, and to provide Plaintiff with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3.      Declare that Defendants' failure to undertake a search that is reasonably calculated to locate all records that are responsive to Plaintiff's FOIA request, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

4.      Declare that Defendants' failure to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption, as alleged above, is unlawful under FOIA, 5 U.S.C. § 552(a)(8).

5.      Declare that Defendants' failure to timely make a determination on Plaintiff's FOIA request is unlawful under FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (ii).

6.	Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

7.	Grant such other and further relief as the Court may deem just and proper.

DATED: February 21, 2023					Respectfully submitted,

							*/s/*William J. Snape, III _____
							William J. Snape, III (D.C. Bar 455266)

							Center for Biological Diversity
							1411 K Street, NW, Suite 1300
							Washington, DC 20005

							4300 Nebraska Ave, NW
							American University Law School
							Washington, D.C. 20016

							(202) 536-9351 (cell)
							(202) 274-4443 (land)
							wsnape@wcl.american.edu
							bsnape@biologicaldiversity.org

							*Attorney for Plaintiff*